**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| VIVIAN MOREIN, MICHAEL MOREIN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| COSTCO WHOLESALE CORPORATION, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GALLAGHER BASSETT SERVICES, INC., | ) | |
| | ) | |
| Third-Party Subpoena Recipient. | ) | |

## MOTION TO QUASH SUBPOENA

Third-Party Subpoena Recipient, GALLAGHER BASSETT SERVICES, INC., through its attorneys, BODELL BOVE, LLC, moves to quash a records subpoena issued upon it. For the following reasons, this motion should be granted.

The Federal Rules of Civil Procedure governing subpoenas–including Rules 26 and 45–protect non-party corporations in Illinois like Gallagher Bassett Services, Inc. ("Gallagher Bassett") from out-of-state, out-of-control subpoenas like this one, issued by the plaintiffs at the close of discovery in a Louisiana slip-and-fall case over 830 miles away.

Rule 45 requires quashing the subpoena in entirety: *first*, for its facial invalidity, as the subpoena exceeds the geographical limitations of that rule; *second*, for its facial invalidity, as the subpoena is untimely and was improperly served; *third*, for its disproportionality, as the subpoena seeks extensive and cumulative documents from Gallagher Bassett not proportional to the needs of this slip-and-fall case; and *fourth*, for its undue burdens, which fall on Gallagher Bassett alone. The motion to quash should be granted.

## I.    BACKGROUND

### A.  The Underlying Litigation

The Plaintiff's July 25, 2025 Complaint filed in the underlying action, *Morein v. Costco Wholesale Corp.*, No. C–20255048E (La. 15th Jud. Dist. Ct.), *removed,* Case No. 6:25-CV-1182 (W.D.La.) (Hicks, J.) ("Underlying Litigation"), alleges that Costco Wholesale Corporation's ("Costco") Lafayette, Louisiana Warehouse was somehow defective and caused her to slip and fall. (Ex. A at 1). After removal, Judge Hicks entered a Scheduling Order requiring that all discovery be completed by May 18, 2026. (Ex. B). On April 6, 2026, after the production of the surveillance footage of the plaintiff's slip-and-fall accident; the plaintiff's own written report of the accident; the warehouse incident report; and the warehouse employee Dareion Marshall's written statement; plaintiff noticed the deposition of Costco's designee on 23 separate topics. (Ex. C). Five days after the deposition of Costco's designee, warehouse manager Misty Barrera, on May 12, 2026, plaintiff demanded the production of Gallagher Bassett's documents and threatened a motion to compel. (Ex. D). Costco produced additional documents the next day, but the plaintiff nevertheless immediately issued a subpoena directly to Gallagher Bassett for documents concerning this incident, without providing the requisite notice to Costco prior to service as required under Rule 45(a)(4).

On May 15, 2026, the plaintiff demanded Costco provide the basis for its objection to producing the Gallagher Bassett documents demanded. Although counsel for Costco agreed to subsequently confer as required by Local Rule 37.1, the plaintiff immediately filed the instant motion thereafter without conferring by telephone or in person, as the rule required. On June 3, 2026, the Court held a status conference to discuss the motion. The Court did not address Costco's proportionality objection, nor its objection to the plaintiff's failure to meet-and-confer as required

Page 2

under Local Rule 37.1. The Court issued its ruling thereafter, granting the motion "to the extent Plaintiff seeks Gallagher Bassett documents pertaining to this incident" because it found "that the requested documents are relevant and proportional to the needs of the case." (Ex. E). Costco objected to the ruling under F.R.C.P. 72(a), which objection remains pending.

### B. Nonparty Gallagher Bassett

Gallagher Bassett is a non-party to the underlying litigation and the subject of plaintiffs' out-of-state subpoena. Gallagher Bassett is a third-party claims administrator for Costco Wholesale Corporation and oversees pre-suit claims and litigated claims for Costco. (Ex. F). Plaintiff Vivian Morein submitted a claim to Costco on August 2, 2024 concerning her slip and fall on July 28, 2024. *Id.* Plaintiff corresponded with Gallagher Bassett on August 19, 2024 concerning her "case." *Id.* On September 19, 2024, Plaintiffs' counsel provided a notice of representation concerning the plaintiff an anticipated action against Costco. *Id.*

### C. The Subpoena

On May 18, 2026–the date that discovery closed in the Underlying Litigation–plaintiffs delivered by mail the instant out-of-state Subpoena on Gallagher Bassett dated May 13, 2026. (Ex. G). That Subpoena was not received by Gallagher Bassett's subpoena department until May 29, 2026. The Subpoena contains ten requests for documents and information from Gallagher Bassett. The Subpoena seeks, among other things, documents concerning this incident and Warehouse including those that have already been produced in the Underlying Litigation; privileged documents were created to aid in the anticipated Underlying Litigation; and documents unrelated to this incident concerning Gallagher Bassett's claims handling in respect of all the slip and fall cases it handles. *Id.* at 8-9 None of the requests are limited with respect to temporal scope and certain were not even limited by subject matter to this case.

### D. Objection To Subpoena

Gallagher Bassett retained counsel in this matter on June 3, 2026. On June 23, 2026, the undersigned provided written objections to the Subpoena, including that the subpoena is invalid on its face, is not proportional to the needs of the case, is overly broad and vague, is not reasonably calculated to lead to the discovery of admissible evidence and seeks materials prepared in anticipation of litigation and that are subject to work-product and attorney-client privileges. (Ex. H).

On July 6, 2026, the plaintiffs replied to Gallagher Bassett's objection. The sole claimed basis of the plaintiffs' reply was that Gallagher Bassett's objections were waived because they were served by June 1, 2026, when Gallagher Bassett had not even retained counsel yet. (Ex. I).

## II. LAW

### A. Scope Of Discovery And Subpoenas

Rule 26(b)(1) of the Federal Rules of Civil Procedure limits the scope of discovery to "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties relative access to relevant information, the parties resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." The Court must limit discovery when: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1). "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid

imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." F.R.C.P. 45(d)(1).

### B.  Objection To Subpoenas And Motions To Quash

When a non-party to a lawsuit, like Gallagher Bassett, is served with an overly broad subpoena duces tecum, like the one served by plaintiffs in this case, the non-party "**may** serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises - or to producing electronically stored information in the form or forms requested." Fed. R. Civ. P. 45(d)(2)(B)(emphasis added). Thus, the non-party is not required to serve written objections. *See* Committee Notes on Rules—2006 Amendment ("Rule 45(c)(2)(B) permits the person served with the subpoena to object to it and directs that an order requiring compliance shall protect a person who is neither a party nor a party's officer from significant expense resulting from compliance."). *WM High Yield v. O'Hanlon,* 460 F. Supp. 2d 891, 894 (S.D. Ind. 2006) (Baker, J.), *citing Charles Alan Wright & Arthur R. Miller*, FED. PRAC. & PROC. CIV.2D § 2463 (1995) ("The permissive nature of Rule 45(c)(2)(B) reflects the underlying purpose of the 1991 amendments to Rule 45, which were designed to afford greater protections to those served with a subpoena than were available prior to amendment and not "to diminish the rights conferred by … any other authority."). The Rule requires service of objections before the earlier of the time of compliance or 14 days after the subpoena is served. F.R.C.P. 45(d)(2)(B).

Accordingly, a non-party like Gallagher Bassett may also seek to quash the subpoena on motion where it "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply

beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." F.R.C.P. 45(d)(3)(A). "Unlike the fourteen day time limit for serving objections, Rule 45 does not fix the time for filing motions to modify or quash subpoenas but merely requires that they be timely filed." *Richardson v. Comm'r, Ind. Dep't of Corr.*, 2025 LX 31855, at *5-7 (N.D. Ill. May 6, 2025) (Hotaling, J.), *citing NRDC, Inc. v. Ill. Power Res., LLC,* 2015 U.S. Dist. LEXIS 201334, at *9 (C.D. Ill. May 12, 2015) (Haskins, J.) ("the fourteen day time limit for serving written objections to subpoenas should not automatically apply to motions to modify or quash subpoenas.")

### III.    ARGUMENT

#### A.  This Motion Belongs In This Court And Is Timely

This Subpoena was issued from the Western District of Louisiana. However, since Gallagher Bassett is a nonparty located within the Northern District of Illinois, this Motion is properly filed here. Federal Rule 45(d)(3)(A) states that  the court for the district where compliance is required" is the appropriate venue for filing a motion to quash. For purposes of a motion to quash, the place of compliance is where the subpoenaed party is located. *See Raap v. Brier & Thorn, Inc*., 2017 U.S. Dist. LEXIS 87004 (C.D. Ill. Jun. 7, 2017) (granting motion to quash and explaining that due to the purpose behind Rule 45, the place of compliance should be tied  to the location of the subpoenaed person or entity"); *see also York Holding, Ltd. V. Waid,* 345 F.R.D. 626 at *9 (Apr. 3, 2024) (explaining that  the place of compliance for the purposes of filing a motion to quash a subpoena seeking documents from a nonparty is the place where that nonparty is located").

Further, concerning the timing of Gallagher Bassett's written objections to the subpoena, those objections "did not divest it of its right under Rule 45(c)(3) to timely move to quash." *See WM High Yield*, 460 F. Supp. 2d at 894. Indeed, where, as here, Gallagher Bassett received a broad subpoena, sought to contest it with the plaintiffs, and those plaintiffs can articulate no prejudice stemming from any delay, there is good cause for the Court to reach the merits of this motion. *Richardson*, 2025 LX 31855 at *7; *see also, id., citing In re Kraft Heinz Secs. Litig.*, No. 19-cv-1339, 2022 U.S. Dist. LEXIS 242045, at *2 (N.D. Ill. Dec. 5, 2022) (same); *In re DMCA Section 512(h) Subpoena to YouTube (Google, Inc.)*, 581 F. Supp. 3d 509, 517 (S.D.N.Y. 2022) (same); *Nike, Inc. v. Wu*, 349 F. Supp. 3d 310, 320 (S.D.N.Y. 2018) (same); *WM High Yield*, 460 F. Supp. 2d at 893-95 (same). This Court is therefore the appropriate court to decide this Motion.

### B. The Subpoena Is Invalid Because It Exceeds Geographic Limits

As an initial matter, the subpoena is facially invalid and, therefore, must be quashed insofar as it purports to compel compliance beyond the geographical limits specified in Federal Rule of Civil Procedure 45(c). *See* F.R.C.P. 45(c), (d)(3)(A)(ii) (quashing subpoena is required where it exceeds geographical limits of Rule 45(c)). Specifically, "a subpoena may command production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." F.R.C.P. 45(c)(2). The Court "must quash or modify a subpoena that … requires a person to comply beyond the geographical limits specified in Rule 45(c)."

Here, the subpoena commands that Gallagher Bassett, located in Rolling Meadows Illinois, produce documents and electronically stored information at the Veron Bice Law Firm in Lake Charles, Louisiana, over 837 miles away using the straight-line method. (Ex. F). For this reason alone, the subpoena is patently invalid and must be quashed. *See e.g. Malhorta v. CVS Health, Inc.*

*& Caremark LLC,* 2025 LX 519884, at *13 (N.D. Ill. Jan. 7, 2025), citing *United States ex rel. Fischer v. Cmty. Health Network, Inc.,* 2023 U.S. Dist. LEXIS 235613 at *3, n.2 (S.D. Ind. Oct. 19, 2023) (quashing subpoena). The motion to quash should be granted.

### C.  The Subpoena Is Invalid Because It Is Untimely And Improperly Served

Here, the subpoena was dated May 13, 2026, just five days before the close of discovery. (Ex. G). The earliest date the subpoena was actually delivered was on May 18, 2026, when it was delivered by mail to Gallagher Bassett's offices–the same day discovery closed in this in this case. (Ex. I). In any event, the subpoena as drafted required compliance by May 27, 2026, well after the close of discovery on May 18, 2026. The subpoena should accordingly be quashed because it improperly required compliance two weeks after the discovery deadline. F.R.C.P. 26(f)(1), 16(b). The subpoena simply cannot demand discovery compliance after discovery is in fact closed and flout the scheduling orders in the Underlying Litigation. *See Gordon v. Northeastern REMC*, 2003 U.S. Dist. LEXIS 28636, 2003 WL 21919179, at *2 (N.D. Ind. June 2, 2003) ("Discovery requests not filed in sufficient time to allow the opponent to respond within the discovery period are untimely and the opponent is under no duty to comply."); *Dreyer v. GACS, Inc.*, 204 F.R.D. 120, 123 (N.D. Ind. 2001) ("In short, Rule 45 Subpoenas . . . are subject to the same time constraints that apply to all of the other methods of formal discovery.").

Further, the subpoena was never properly served. While a certified mailing may satisfy Rule 45's personal service requirement "If a subpoena is directed to a corporation or other entity, it generally must be personally served on a corporate officer or other agent authorized under Fed. R. Civ. P. 4 to accept service of process." *Westfield v. Simpson*, 2022 U.S. Dist. LEXIS 163778, at *1 (S.D. Ind. Sept. 12, 2022); *Penninger v. Mershon*, No. 1:23-cv-01291-JPH-MJD, 2024 LX

92905, at *1 (S.D. Ind. Oct. 31, 2024) (same). Here, the subpoena is not directed to a corporate officer or agent at all–just Gallagher Bassett:

> **SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**
> **OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**
>
> Gallagher Bassett Services, Inc.
> 2850 Golf Rd., Rolling Meadows, IL 60008
> *(Name of person to whom this subpoena is directed)*

(Ex. G at 3). Because the subpoena is untimely and improperly served, it is invalid, and the motion to quash should be granted.

### D.  The Subpoena Is Not Proportional To The Needs Of The Case

Even if the subpoena were somehow valid, it bears emphasis that the plaintiffs make no attempt at arguing it is proportional to the needs of this slip-and-fall case, captured on video, under Rule 26 as they must. "Under Rule 45, the scope of a subpoena to a nonparty is as broad as what is otherwise permitted under Rule 26(b)(1), which states parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *Williams v. City of Chi.*, 2025 LX 430039, at *7 (N.D. Ill. Nov. 4, 2025) (Kim, J.) (citations, alterations, and quotations omitted). Each of the proportionality factors under Rule 26 militates in favor of quashing the subpoena.

First, as to the importance of the issues at stake, this claim concerns a slip-and-fall that was captured on video and in other incident records. The importance of the issues at stake is confined to the parties to the Underlying Litigation–**to which Gallagher Bassett is not a party.**

Second, as to the amount in controversy, it is limited to the plaintiff s demand for damages in connection with her claimed injury from the slip-and-fall. While it exceeds the jurisdictional requirement for the Court, it is not commensurate with the excessive discovery demands made to a third-party.

Third, as to the parties relative access to the information and resources, the documents sought by subpoena includes information that is in the plaintiffs' possession already, including correspondence between plaintiff Vivian Morein and Gallagher Bassett, together with incident footage and records that also in her possession. Plaintiffs "appear to have access to other sources for responsive information and fail to explain why those are insufficient." *Williams,* 2025 LX 430039, at *9. For example, plaintiffs already know from the video surveillance and the incident record the exact time of the plaintiff's slip-and-fall, the events leading up to and after her slip-and-fall, and the condition of the warehouse floor at the time she slipped-and-fell. Plaintiffs have already taken the testimony of two percipient Costco witnesses, and "do not offer any reasons why their testimony [could not] adequately cover" the topics in the instant subpoena. *Id.*

Fourth, as to the importance of the discovery in resolving the issues, again, this claim was captured on video that was produced in the Underlying Litigation, together with the relevant incident documentation and other records from the Costco Warehouse and the testimony of two Costco Warehouse employees. There is no suggestion by plaintiffs that the documents demanded could possibly have any importance in resolving any claim or defense in the lawsuit. Plaintiffs are thus unable to articulate "the ways in which the underlying information bears on the issues as that party understands them" as they must. Committee Notes on Rules—2015 Amendment.

Fifth, as to the burden and expense of the discovery, it apparently outweighs its likely benefit here. The plaintiffs have not and cannot demonstrate how Gallagher Bassett s records are relevant to any claim in the lawsuit–beyond the surveillance footage and records already produced. Costco has already produced "many pages of documents" concerning the plaintiff's slip-and-fall in the Underlying Litigation and there is no suggestion by plaintiff as to why they actually would

need more to prosecute their case at trial. *Williams*, 2025 LX 430039, at *9. The subpoena is not proportional to the needs of this case and it should be quashed.

### E.  Enforcement Of The Subpoena Would Impose Undue Burdens

Per Rule 45,  the court for the district where compliance is required **must** quash or modify a subpoena that … subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). The party issuing the subpoena is responsible for avoiding imposing such a burden. Fed. R. Civ. P. 45(d)(1). An undue burden exists when complying with the subpoena would result in time, expense, or collection efforts that outweigh any likely discovery benefit. Fed. R. Civ. P. 26(b)(1). Additionally, courts have  consistently held that  non-party status  is a significant factor to be considered in determining whether the burden imposed by a subpoena is undue." *United States v. Amerigroup Illinois, Inc*., 2005 WL 3111972, at *4 (N.D. Ill. Oct. 21, 2005); *see also U.S. S.E.C. v. Hyatt*, 621 F.3d 687, 694 (7th Cir. 2010) (stating that Rule 45(c) provisions suggest there should be  special attention to the procedural and substantive rights of the nonparty witness."). Gallagher Bassett is a nonparty claims administrator, and the requested discovery has nothing to do with a live, disputed issue in the Underlying Litigation.

Under  Rule  26(b)(2)(C)(i)-(iii), "[c]ourts  consider a  number  of other factors  when determining if the burden imposed by a subpoena is "undue." These factors include whether: (1) the information requested is relevant; (2) the party requesting the information has a substantial need for the documents; (3) the document request is overly broad; (4) the time period the request covers is reasonable; (5) the request is sufficiently particular; and (6) whether compliance with the request would, in fact, impose a burden on the subpoenaed party." *Little v. JB Pritzker for Governor,* 2020 U.S. Dist. LEXIS 70668, at *5 (N.D. Ill. Apr. 22, 2020), *citing Northwestern*

*Memorial Hospital v. Ashcroft,* 362 F.3d 923, 927 (7th Cir. 2004). Here, every factor supports a finding that the burdens of this subpoena are undue.

First, as to the relevance of the information requested, the subpoena and letter do not set forth anything in discovery in this case that would indicate that relevant communications or records were made by Gallagher Bassett. *See Little*, 2020 U.S. Dist. LEXIS 70668 at *15.

Second, again, as to the need of plaintiff for the documents requested, there is no description in the subpoena or by plaintiffs that would suggest why, in a slip-and-fall case where the incident records and footage have been produced in the case, plaintiff would have any conceivable need for the documents requested. *See* Committee Notes on Rules—2015 Amendment.

Third, as to the breadth of the request, the subpoena embraces the complete claims file from the date of the incident through the present, which would obviously invade the work product privilege for documents produced in anticipation of litigation under F.R.C.P. 26(b)(3), where, as here, plaintiffs' counsel was involved in Ms. Morein s claim shortly after the incident. *See* Ex. F. Specifically, in August 2024 plaintiffs' counsel instructed Vivian Morein to return to the Costco location to report the incident, which she described in subsequent correspondence that month as her case." The next month, Gallagher Bassett received a letter of representation from plaintiffs' counsel. Obviously, with plaintiff's counsel's involvement after the incident, Gallagher Bassett s records were created to aid in anticipated future litigation that has in fact ensued (the Underlying Litigation), and the subpoena improperly seeks the production of those records under Rule 26(b)(3).

Indeed, the breadth of the subpoena includes the demand that Gallagher Bassett locate documents concerning the Lafayette Costco Warehouse that were already requested of Costco and

produced by Costco–including, incredibly, the surveillance footage produced in the case and the relevant procedures for the warehouse also produced in this case. Ex. G, Requests 2-3, 5-7.

The subpoena even vaguely demands with no obvious connection to this case–information concerning Gallagher Bassett s claims handling and training. Ex. G, Requests 4, 8-9. How Gallagher Bassett employees are trained to handle claims or handle them in other cases for other insureds has nothing whatsoever to do with a slip and fall at a Costco warehouse in Louisiana two years ago.

In sum, the subpoena requests are plainly cumulative and duplicative, F.R.C.P. 26(b)(2)(c)(i), and plaintiff has had ample opportunity to obtain such information by discovery in the action, F.R.C.P. 26(b)(2)(c)(ii).

Fourth, as to the time period covered by the request, none of the requests are limited with respect to temporal scope. For those requests that are not even limited by subject matter to this case this could include a vast scope of records with a plainly undue accompanying burden. *See e.g.* Request 9 (seeking  all training materials, guidelines, or reference materials relied upon by Gallagher Bassett Services Inc. in handling slip-and-fall claims, including those applicable to the subject incident").

Fifth, as to the particularity of the requests, the plaintiff demands documents with insufficient particularity that Gallagher Bassett could even respond. For instance, Req. No 4 seeks  all data, documents, reports, formulas, photographs, notes, literature, textbooks, articles, and methods used by any person associated with Gallagher Bassett Services Inc., to arrive at any assumption, conclusion, and/or opinion related to the subject incident." It is vague and inconclusive with respect to what kind of  data" is actually being sought by the request. Equally, it is vague and inconclusive as to from whom plaintiff seeks this data–apparently  any person

Page 13

associated with Gallagher Bassett" who arrived at any assumption, conclusion, and/or opinion related to the subject incident" at any time. *See Williams,* 2025 LX 430039, at *10-11 (subpoena disproportionate where requests "plainly directionless, overly broad, and not relevant to this case").

Sixth, as to the burdens, it bears repeating that plaintiffs have had the opportunity to obtain all the relevant information concerning this claim, and have actually done so. The burdens of this 11th-hour, last-minute subpoena fall only on Gallagher Bassett.

## V.      CONCLUSION

The subpoena must be quashed because it is facially invalid. It vastly exceeds the geographical scope requirements for subpoenas under Rule 45. It fails to comply with the service requirements for subpoenas under Rule 45. It fails to comply with the timing requirements for discovery under Rule 26 and 16. It fails to comply with the proportionality requirements for discovery of Rule 26. It imposes undue burdens on Gallagher Bassett in violation of Rule 45. Still, the plaintiffs cannot explain why documents from Gallagher Bassett are needed in the slip-and-fall case in the Underlying Litigation, in which discovery has closed and a motion for summary judgment is pending.  The motion to quash should be granted.

WHEREFORE, Third Party Subpoena Recipient GALLAGHER BASSETT SERVICES, INC. respectfully requests that this court grant this motion and quash the records subpoena issued by the plaintiff.

Respectfully submitted,
 /s/ Stacy D. Fulco
Stacy D. Fulco, Partner
Bodell Bove LLC
915 Harger Rd., Suite 240, Oak Brook, IL 60523
Phone: (630) 382-4800
SFulco@bodellbove.com
***Attorneys for Gallagher Bassett Services, Inc.***